UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES HUMPHREYS,

      Plaintiff,

  -against-

CABLEVISION SYSTEMS CORPORATION,

      Defendant.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
10-CV-4737 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 23 2012 ★

LONG ISLAND OFFICE

  Pending before the Court are the objections of plaintiff James Humphreys ("plaintiff") to the Report and Recommendation of Magistrate Judge Gary R. Brown ("the Report"), dated June 14, 2012, recommending that the motion of defendant Cablevision Systems Corporation ("defendant") seeking summary judgment dismissing plaintiff's complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted and that the complaint be dismissed. For the reasons stated herein, the Court accepts Magistrate Judge Brown's Report in its entirety.

I. Standard of Review

  Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no

1

proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.") Moreover, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Insurance, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); Bowen v. Phillips, 572 F. Supp. 2d 412, 417 (S.D.N.Y. 2008) (accord); see also DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (holding that objections to a report and recommendation are not a vehicle for allowing a party "a second bite at the apple by simply relitigating a prior argument.") To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005); see also Bowen, 572 F. Supp. 2d at 417 (holding that a report and recommendation to which only general or perfunctory objections are made is reviewed for clear error); Montalvo v. Barnhart, 457 F. Supp. 2d 150, 154

(W.D.N.Y. 2006) (holding that a report and recommendation to which objections advancing only the same arguments as presented to the magistrate judge are made "need only be reviewed for clear error."); United States v. Gardin, 451 F. Supp. 2d 504, 507 (W.D.N.Y. 2006) (holding that a party's "attempt to re-argue the same issues it presented to [the magistrate judge] is not the 'specific objections'" warranting *de novo* review and that such objections are reviewed for clear error only).

Moreover, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation," Tavares v. City of New York, 08 Civ. 3782, 2011 WL 5877548, at * 2 (S.D.N.Y. Nov. 23, 2011); see also Wells Fargo Bank, N.A. v. ESM Fund I, LP, No. 10 Civ. 7332, 2012 WL 3023985, at * 1 (S.D.N.Y. July 24, 2012), absent a "compelling justification" for the failure to present such evidence to the magistrate judge. Azkour v. Little Rest Twelve, Inc., No. 10 Civ. 4132, 2012 WL 1026730, at * 2 (S.D.N.Y. Mar. 27, 2012). Likewise, new factual allegations that were not raised before the magistrate judge generally will not be considered upon review of the magistrate judge's report and recommendation. See Rivera v. Federlin, No. 08 Civ. 7293, 2011 WL 6014012, at * 3 (S.D.N.Y. Dec. 2, 2011); see also Perez v. New York City Department of Corrections, No. 10-cv-2697, 2012 WL 3704744, at * 1 (E.D.N.Y. Aug. 27, 2012) (finding the plaintiff's objections consisting primarily of new factual allegations or "more detailed explanations for the conclusory factual allegations" he presented to the magistrate judge to be "unacceptable").

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Maldonado v. Burge, 697 F. Supp. 2d 516, 523 (S.D.N.Y. 2010); Viada v. Osaka Health Spa, Inc., 235 F.R.D. 55, 57 (S.D.N.Y. 2006).

3

II. Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Brown erred: (1) in concluding (a) that he failed to raise an inference of discrimination, (b) that he did not set forth any evidence which may lead a rational jury to conclude that defendant's reason for terminating his employment was a pretext for discrimination and (c) that his employment history was worse than the employment history of his proposed comparator, Diana Yepes ("Yepes"); (2) in failing (a) to consider Yepes as a "fitting comparator" to him, despite the difference in the jobs they performed, because they both violated "a company-wide policy that applies equally to all employees," (Declaration of Michael B. Schulman in Support of Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Brown ["Obj."], pp. 2-3), (b) to address evidence demonstrating that Yepes did not feel threatened by him and (c) to find that defendant engaged in direct discrimination because "[i]n determining the remedial action to be taken against Yepes for violating the [sexual harassment policy], the Defendant factored in her gender," (Obj. at 23); (3) in finding (a) that Yepes was subordinate to him, (b) that Yepes's conduct was not comparably serious to his misconduct and (c) that he cannot demonstrate that defendant's reason for terminating his employment is a pretext for discrimination; (4) in recommending that defendant's motion for summary judgment be granted "because defendant's determination of what discipline to apply for violating the sexual harassment policy is totally subjective based on personal judgment," (Obj., at 20); and (5) in mischaracterizing the record, weighing the evidence and failing to draw all reasonable inferences in his favor.

A. Magistrate Judge Brown's Factual Findings

Initially, the statement of facts set forth by plaintiff in his objections to the Report, and

4

which consists of new factual allegations or more detailed explanations for the factual allegations plaintiff presented to the magistrate judge, has not been considered by the Court. See, e.g. Perez, 2012 WL 3704744, at * 1; Rivera, 2011 WL 6014012, at * 3. Rather, I conducted a *de novo* review of the factual allegations set forth in the parties' respective statements pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, which are supported by the record. Upon such review, plaintiff's objections to Magistrate Judge Brown's factual findings are overruled and those factual findings are accepted in their entirety.

B. Magistrate Judge Brown's Legal Conclusions

The bulk of plaintiff's objections concerns Magistrate Judge Brown's conclusion that plaintiff and Yepes are not similarly situated. Although the question of whether two (2) individuals are similarly situated is generally a question of fact for the jury, "a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met." Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 n. 2 (2d Cir. 2001); see also Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 790-91 (2d Cir. 2007).

"[T]o be similarly situated, [the plaintiff and proposed comparators] must have been subject to the same disciplinary standards *and* have engaged in conduct of comparable seriousness." Graham v. Long Island Railroad, 230 F.3d 34, 42 (2d Cir. 2000) (emphasis added); see also Ruiz v. County of Rockland, 609 F.3d 486, 493-94 (2d Cir. 2010). "When a plaintiff's misconduct is objectively more serious than that of a proposed comparator, differential treatment by the employer does not create an issue of fact that will defeat a motion for summary judgment. * * * Where co-employees are disciplined differently for conduct that is fundamentally different

in quality, there is no objectively identifiable basis for comparison to allow a finding that they are similarly situated." Conway v. Microsoft Corp., 414 F.Supp.2d 450, 464 (S.D.N.Y. 2006).

Plaintiff's claim, as set forth in his objections to the Report, is, in effect, one for "discriminatory enforcement" of defendant's company-wide sexual harassment policy. See generally Cruz v. Coach Stores, Inc., 202 F.3d 560, 567-68 (2d Cir. 2000) (recognizing the existence of a claim for "discriminatory enforcement" of a company policy); see also Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1326 (11th Cir. 2011) ("If the same policies were applied differently to similarly ranked employees, those employees may be compared."); Cherry v. American Telephone & Telegraph Co., 47 F.3d 225, 229 (7th Cir. 1995) (postulating that a company-wide policy uniformly applicable to all members of a group may be a basis for comparing employees, regardless of the particular job being performed); Ombu v. Children's Television Workshop, 516 F. Supp. 1055, 1061-62 (S.D.N.Y. 1981) (denying summary judgment where there was a question, *inter alia*, whether a company policy was applied to the plaintiff in a discriminatory manner when compared to other employees). Upon *de novo* review of the Report, all papers submitted in support of, and in opposition to, defendant's motion for summary judgment, plaintiff's objections to the Report and all responses thereto, plaintiff's objections are overruled. Plaintiff has not established that he is similarly situated to Yepes, whose violation of defendant's sexual harassment policy defendant allegedly overlooked, because, *inter alia*: (1) the context and circumstances of Yepes's alleged policy violation were sufficiently different from, and were not as comparably serious as, plaintiff's policy violation, i.e., Yepes was accused only of nonfeasance–failing to stop plaintiff from showing the offending video to a subordinate–whereas plaintiff was accused of malfeasance–playing the video in its entirety to his subordinate(s), see, e.g. Ruiz, 609 F.3d at 494 (finding that the plaintiff was not similarly situated

to a proposed comparator, a supervisor who was also alleged to have failed to report his knowledge of employee misconduct, because, *inter alia*, noone had accused the proposed comparator of also participating in the inappropriate behavior, whereas the plaintiff admitted to both failing to report and participating in inappropriate behavior); Cruz, 202 F.3d at 567-68 (finding that the plaintiff failed to create a jury question on pretext because she had not established that she was similarly situated to the non-Hispanic employees whose violations of the defendant's "no assault" policy the defendant allegedly had overlooked insofar as the plaintiff had engaged in a physical fight while the other employees' behavior involved words only); Shumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997) (affirming summary judgment where, *inter alia*, the plaintiff had not demonstrated that the proposed comparators had engaged in comparable conduct to her); Anderson v. Anheuser Busch, Inc., 229 F.3d 1135, 200 WL 1370266, at * 1 (2d Cir. Sept. 19, 2000) (summary order) (finding that the alleged comparators were not similarly situated to the plaintiff because they had not engaged in the same misconduct as he did); and (2) there is only a single documented violation by Yepes of defendant's sexual harassment policy, whereas plaintiff was involved in prior violations of the policy, for which he had met with supervisors and been counseled prior to this termination, see, e.g. Nurse v. Lutheran Medical Center, 854 F. Supp.2d 300, 313-14 (E.D.N.Y. 2012) (finding that no reasonable jury could find that the plaintiff and proposed comparators were similarly situated where there was only a single documented incident accusing each of the comparators of similar conduct, whereas the plaintiff had been involved in "a series of incidents" over an approximate three (3) month period and had met with his supervisors on several occasions to discuss the issues); Glenwright v. Xerox Corp., 832 F. Supp.2d 268, 275-76 (W.D.N.Y. 2011) (finding that the plaintiff and proposed comparator were not similarly situated because the one

7

instance of misconduct by the comparator was less egregious than the plaintiff's multiple violations). Plaintiff has failed to produce any evidence that female employees who engaged in similar misconduct as he did, in violation of defendant's sexual harassment policy, escaped termination.

Moreover, upon *de novo* review of the Report, motion papers, plaintiff's remaining objections, and all responses thereto, plaintiff's remaining objections are overruled and the Report is accepted in its entirety.

III.  Conclusion

For the reasons set forth herein and in the Report, defendant's motion for summary judgment is granted and the complaint is dismissed in its entirety with prejudice. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 23, 2012
       Central Islip, New York